```
           UNITED STATES DISTRICT COURT
              DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| CHOSEN FIGURE LLC,<br><br>      *Plaintiff*,<br><br>  v.<br><br>4CONTROL MEDIA, INC.,<br><br>      *Defendant*. | No. 24-cv-05664 (MEF)(JBC)<br><br>**OPINION and ORDER** |

**Table of Contents**

**I.**  **Background**
**II.** **Liability**
    **A.**  **Jurisdiction**
    **B.**  **Service**
    **C.**  **The Merits**
        **1.**  **Ownership**
        **2.**  **Copying**
    **D.**  **The Equities**
**III.** **Damages**
**IV.**  **Fees**

\* \* \*

For the purposes of this brief Opinion and Order, the Court largely assumes familiarity with the facts and procedural history here.

\* \* \*

I.  **Background**

A photographer[1] sued a media company[2] for copyright infringement as to a photograph.[3]

From here, the photographer is "the Plaintiff" and the media company is "the Defendant."

The Defendant has not appeared, and the Clerk of Court entered a default against it.

The Plaintiff now moves for default judgment.

The motion is granted in part and denied in part.

II. **Liability**

To assess a default judgment motion, a court must work through four issues: (1) jurisdiction; (2) service; (3) the merits of the plaintiff's claim; and (4) the equities.  See Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227–31 (D.N.J. 2024).

As to liability, tick through each of these below.

   A.  **Jurisdiction**

First, does the Court have subject-matter jurisdiction and personal jurisdiction?  See id. at 227-28.

Yes to each.

There is subject-matter jurisdiction here over the copyright infringement claim under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

And the Court has personal jurisdiction.  The Defendant is alleged to be a New Jersey corporation with its principal place of business in New Jersey.  See Complaint ¶ 7.  For corporations like the Defendant, those "are paradigm bases for general

---

[1]   Chosen Figure LLC.

[2]   4Control Media, Inc.

[3]   The copyrighted photograph is at Exhibit 1 of the Complaint; the allegedly infringing photograph is at Exhibit 2.

2

[personal] jurisdiction." Daimler AG v. Bauman, 571 U.S. 117, 137 (2014).

### B. Service

Next, was the Defendant properly served? See Baymont, 348 F.R.D. at 228.

Yes. See Docket Entry 5; see generally Fed. R. Civ. P. 4(h) (laying out the rule for service that applies here).

### C. The Merits

Do the Plaintiff's allegations add up to a "solid" claim on the merits? See Baymont, 348 F.R.D. at 232.

Again, yes.

To see why, look to the elements. To make out a copyright infringement claim, there are two. "[A] plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work." Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002).

These boxes are checked.

#### 1. Ownership

As to the first element, the Plaintiff has provided a certificate of registration as to the photograph. See Kamau Declaration, Exhibit 1; cf. Complaint ¶¶ 2, 13, 17.

That is enough. See, e.g., Ford Motor Co. v. Summit Motor Prods., Inc., 930 F.2d 277, 290-91 (3d Cir. 1991) ("Certificates of registration issued by the U.S. Copyright Office constitute prima facie evidence of the validity and ownership of the material."); Andrien v. S. Ocean Cnty. Chamber of Com., 927 F.2d 132, 134 (3d Cir. 1991).

#### 2. Copying

As to the second element --- that spins off a somewhat more involved analysis.

To establish the copying element, a plaintiff must generally show "that the defendant had access to a copyrighted work [and] that there are substantial similarities between the two works."

3

Dam Things from Denmark v. Russ Berrie & Co., 290 F.3d 548, 561 (3d Cir. 2002).

But some courts have held that a plaintiff does not always need to affirmatively and independently allege that the defendant had access to the infringed work.

Rather, "access" can sometimes be inferred --- when a comparison between the copyrighted work and the infringing work shows them to be "strikingly similar." Ty, Inc. v. GMA Accessories, Inc., 132 F.3d 1167, 1170 (7th Cir. 1997).

Under different verbal formulations, a number of Circuits have gone down roughly this route. See Unicolors, Inc. v. Urban Outfitters, Inc., 853 F.3d 980, 987-88 (9th Cir. 2017); Fogerty v. MGM Grp. Holdings Corp., 379 F.3d 348, 352 (6th Cir. 2004); Bouchat v. Balt. Ravens, 241 F.3d 350, 356 (4th Cir. 2001); Ty, Inc., 132 F.3d at 1170; Nelson v. PRN Prods., Inc., 873 F.2d 1141, 1142 n.3 (8th Cir. 1989); Gaste v. Kaiserman, 863 F.2d 1061, 1068 (2d Cir. 1988); Ferguson v. Nat'l Broadcasting Co., 584 F.2d 111, 113 (5th Cir. 1978).

The Third Circuit has not explicitly weighed on whether access can be inferred.

But the idea finds support in the reasoning of a Third Circuit case. See Educ. Testing Servs. v. Katzman, 793 F.2d 533, 541 (3d Cir. 1986) (suggesting that some exam questions "are so strikingly similar to those prepared" that it "lead[s] to no other conclusion than they were copied").

And various district courts in the Circuit have held that access can be inferred. See, e.g., Walker v. Kemp, 587 F. Supp. 3d 232, 241-42 (E.D. Pa. Feb. 28, 2022); Cottrill v. Spears, 2003 WL 21223846, at *5 (E.D. Pa. May 22, 2003), aff'd, 87 F. App'x 803 (3d Cir. 2004), as amended on reh'g (June 2, 2004); Hofmann v. Pressman Toy Corp., 790 F. Supp. 498, 508 (D.N.J. 1990), aff'd, 947 F.2d 935 (3d Cir. 1991).

This Court concludes that the inferring-access approach makes sense.

To see why, think of the famous shot of Jesse Owens saluting the flag at the 1936 Berlin Olympics. And imagine an image that looks similar. Say it is printed on a matchbook, or a poster.

In 1936, we might have wondered whether this is all a coincidence. Sure, the images look similar to each other. But

4

did the poster-maker really put hands on the negative from the German photographer who took the picture? That can be a tall order, and maybe the competing inference makes more sense --- perhaps the similar-looking image was just snapped by another photographer.

Today, though, things have shifted. There is no need for a negative now. The poster-maker could simply have pulled down a high-quality version of the image from the internet --- easily, at virtually no cost.

There is always something of a leap from similarity (images A and B look the same) to access (did the maker of image B have a copy of image A?). But the internet has helped to shrink the gap --- to the point that going from similarity to access is often a short hop now, simple to make.

Against this backdrop, the Court holds that absent meaningful information that runs the other way, access (under the copyright laws) can be inferred from very close similarity (between images).

\*   \*   \*

That is dispositive here as to the second of two elements that must be established.

From "the perspective of the lay observer," see Kay Berry, Inc. v. Taylor Gifts, Inc., 421 F.3d 199, 208 (3d Cir. 2005) --- the only perspective that counts, see id. --- the two photographs are identical. They are of the same person in the same clothing against the same backdrop and from the same angle.

The "similar[ities]" are "striking[]." Ty, Inc., 132 F.3d at 1170. Therefore, access can be inferred.

\*   \*   \*

Bottom line: the copyright infringement claim here seems to be "strong and straightforward." Baymont, 348 F.R.D. at 231.

That weighs in favor of a grant of default judgment.

### D. **The Equities**

The last issue that must be addressed as to liability: the overall equities. See Baymont, 348 F.R.D. at 231.

This means assessing three sub-questions. See id.

5

<u>First</u>, will there be prejudice to the Plaintiff if the default motion is denied?

Yes.  The Plaintiff says the Defendant's failure to appear in this case means that there is no other way for the Plaintiff to get relief.  <u>See</u> Motion for Default Judgment at 4-5.  That is prejudice.  <u>See</u> <u>Baymont</u>, 348 F.R.D. at 232-33.

<u>Second</u>, does the Defendant have an "obviously in-play litigable defense[]"?  <u>See</u> <u>id</u>. at 234.

No.  There are no plain-to-see affirmative defenses here, like an "obvious[]" statute of limitations defense.  And without the Defendant's appearance, there is no realistic way to suss out any other factual defenses it might have.  <u>See</u> <u>E. & J. Gallo Winery</u> v. <u>Three Sixty Five Wines LLC</u>, 2024 WL 5252475, at *4 (D.N.J. Dec. 31, 2024).

<u>Third</u>: is the default the result of "culpable conduct"?

Yes.

The Defendant was served almost a year ago.  <u>See</u> Docket Entry 5.  The Clerk of Court placed an entry of default on the public docket around ten months ago.  The Defendant was served again with notice of the default judgment motion.  <u>See</u> Docket Entry 15.  And still: the Defendant has not appeared.

The Defendant is "at home" in New Jersey, <u>Daimler</u>, 571 U.S. at 137 (cleaned up) --- the state where it is being sued.  It has been provided different opportunities to show up.  But it has chosen not to.  That adds up to culpable conduct.  <u>See</u> <u>E. & J. Gallo Winery</u>, 2024 WL 5252475, at *5.

In short: the equities favor granting default judgment here.

### III. **Damages**

For the reasons set out above in Part II, the Plaintiff is entitled to default judgment as to liability.

It has also moved for default judgment as to statutory damages under the Copyright Act.

On a motion for default judgment, a court can grant damages without a further hearing when the damages are for "a sum certain or a sum that can be made certain by computation."  <u>See</u>

6

10 Moore's Federal Practice --- Civil § 55.32 (2024); see also Fed. R. Civ. P. 55(b)(1)-(2).

Here, the Plaintiff moves for $50,000 in damages. See Motion for Default Judgment at 6-10.

But under the Copyright Act, a plaintiff may recover "a sum of not less than $750 or more than $30,000, as the court considers just." 17 U.S.C. § 504(c)(1).[4]

## IV.   Fees

Finally, the Plaintiff moves for default judgment as to its request for attorneys' fees and costs. See Motion for Default Judgment at 10-15.

Under the Copyright Act, "[a] court in its discretion may allow the recovery of full costs . . . [and] may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505.

To the extent that attorneys' fees are available on a motion for default judgment, the Court declines to exercise its discretion here. See generally Fogerty v. Fantasy, Inc., 510 U.S. 517, 533-34 (1994).

\*   \*   \*

The default judgment motion is granted as to liability, but is otherwise denied.

IT IS on this 6th day of May, 2025, so **ORDERED.**

---

[4] To be sure, when a defendant has acted willfully, a court "in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). The Plaintiff invokes willful conduct here, see Complaint ¶¶ 32, 35, 53-55, but does not back up that assertion with meaningful factual allegations. That is not enough. See generally Badalamenti v. Resideo Techs., Inc., 2024 WL 4661010, at *11 n.16 (D.N.J. Nov. 4, 2024) (collecting cases). And in any event, it is not crystal clear that the Plaintiff is referring to 17 U.S.C. § 504(c)(2). The Plaintiff does not explicitly cite the statute in its papers, only 17 U.S.C. § 504(c)(1). See Motion for Default Judgment at 7-8.

_____
Michael E. Farbiarz, U.S.D.J.

8